**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on February 12, 2009, which may be different from its entry on the record.**

**IT IS SO ORDERED.**



**Dated: February 12, 2009**

**Arthur I. Harris**
**United States Bankruptcy Judge**

___

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 07-12142 |
| | ) | |
| David L. Morrow, | ) | Chapter. 7 |
| | ) | |
| Debtor. | ) | Judge Arthur I. Harris |

MEMORANDUM OF OPINION[1]

This matter is before the Court on the motion of the debtor, David Morrow, to avoid the judgment lien of Buckeye Union Insurance Company ("Buckeye") and to determine the value of the subject properties. For the reasons stated below, Buckeye's lien is completely avoided as to the debtor's interest in the 13421 Cedar Road property, and is avoided in part as to the debtor's interest in the other three properties.

---

[1] This opinion is not intended for official publication.

## JURISDICTION

The Court has jurisdiction over this action. A motion to avoid liens is a core proceeding under 28 U.S.C. §§ 157 (b)(2)(K) and 1334, which falls within the jurisdiction granted to the court pursuant to Local General Order Number 84, dated July 16, 1984.

## FINDINGS OF FACT

On July 12, 1995, Buckeye recorded a judgment lien based on an agreed judgment entry between the debtor and Buckeye, which was entered the same day in the Cuyahoga County Court of Common Pleas. (Plaintiff's Exh. A). Under the agreement, the debtor was to pay Buckeye $166,530.96 with interest of 10% per annum. (Plaintiff's Exh. A). As of March 30, 2007, the date the debtor filed his petition in this case, the amount of Buckeye's judgment lien was $362,768.05.

In his bankruptcy schedules, the debtor lists ownership interests in four pieces of real property. The debtor is the fee owner of 13421 Cedar Road, Cleveland Heights, OH 44108, and 1744 Lakefront Avenue, East Cleveland, OH 44112; the beneficial owner of 12640 Euclid Avenue, East Cleveland, OH 44112; and has a dower interest in his residence at 2255 Newbury Dr., East Cleveland, OH 44112 (collectively "Properties"). The debtor claimed the $5,000 residence exemption on the Newbury Drive property under O.R.C. § 2329.66(A)(1), and

$100.00 exemptions on each of the other three properties under O.R.C. § 2329.66(A)(18). (Docket # 98).[2]

On April 21, 2008, the Court issued a discharge to the debtor (Docket #94). On May 30, 2008, the debtor filed a motion to avoid the tax and judgment liens of Buckeye, Cassius Steel, M.H. Koppes Clay Products Co., the Ohio Department of Taxation, and Republic Waste Services (Docket # 99). Cassius Steel and Buckeye objected to the debtor's motion. (Docket #'s 101 (Cassius Steel), and 103 (Buckeye)). The IRS filed a response to the debtor's motion indicating that it did not have a judicial lien as of the petition date. (Docket # 102). The debtor subsequently withdrew the motion as it pertained to the IRS, and Cassius Steel later withdrew its objection to the debtor's motion (Docket # 117), leaving only the lien of Buckeye in dispute.

On December 2, 2008, the Court conducted an evidentiary hearing to determine the value of the Properties and the extent to which the debtor may avoid the judgment lien of Buckeye. The Court received exhibits and heard testimony from the debtor and David Korb, one of the appraisers retained by the debtor. The

---

[2] In 2008, the Ohio Legislature enacted substantial amendments to Ohio exemptions, with an effective date of September 30, 2008. *See* 2007 Ohio SB 281. As this case was filed prior to September 30, 2008, all references to the Ohio exemption provisions in this Memorandum of Opinion are those in effect prior to the 2008 amendments.

Court also permitted additional briefing on the issue of the debtor's dower interest.

The Court has considered all of the relevant evidence to determine both the value of the Properties and the extent to which they were encumbered.[3] Pursuant to 11 U.S.C. § 522(a)(2), the valuations found by the Court reflect the fair market value for each of the Properties as of the date of the petition (March 30, 2007).

### 13421 Cedar Road, Cleveland Heights, OH 44108

The debtor is the fee simple owner of this property. He claimed a $100.00 exemption pursuant to O.R.C. § 2329.66(A)(18). The debtor testified in court that the property is worth $70,000. David Horton, one of the debtor's appraisers, provided an estimated value of $74,000. Buckeye asserts that the property should be valued at $127,500, which is based on the estimate of the Cuyahoga County Auditor. After considering all of the relevant evidence, the Court finds Mr. Horton's appraisal to be the best estimate and determines that the value of this property, as of the petition date is $74,000.

GMAC Mortgage and Ohio Savings have secured claims against the

---

[3] The findings of fact contained in this memorandum of opinion reflect the Court's weighing of evidence, including consideration of the credibility of each witness. "In doing so, the court considered each witness's demeanor, the substance of the testimony, and the context in which the statements were made, recognizing that a transcript does not convey tone, attitude, body language, or nuance of expression." *In re Parrish*, 326 B.R. 708, 711 (Bankr. N.D. Ohio 2005). Even if not specifically mentioned in this decision, the Court has considered the testimony of each witness, as well as all exhibits admitted into evidence.

4

07-12142-aih    Doc 123    FILED 02/12/09    ENTERED 02/12/09 14:15:45    Page 4 of 17

property of $51,545.59 and $23,407.62 respectively, for a total of $74,953.21. The secured claims plus the $100.00 exemption equals $75,053.21.

### 1744 Lakefront Avenue, East Cleveland, OH 44112

The debtor is the fee simple owner of this property. The debtor claimed a $100.00 exemption pursuant to O.R.C. § 2329.66(A)(18). The debtor testified that he believed that the property was worth $20,000 and described it as on the borderline of being condemned. The appraiser that he retained initially valued the property at $60,000, but later filed an addendum in which he lowered the estimated value of the property to $45,000. Buckeye submitted the Cuyahoga County Auditor's report which listed the estimated value at $10,600. The Court finds the debtor's own estimate to be the best estimate for this property and determines that the value of the property, as of the petition date, is $20,000.

Bank of America and SN Servicing Corporation have mortgages of $9,563.84 and $3,801.04 respectively. The Cuyahoga County Treasurer has a claim based on real estate taxes of $2,355.80. These claims plus the $100.00 exemption equals $15,820.68.

### 12640 Euclid Avenue, East Cleveland, OH 44112

The debtor has a beneficial interest in this property. The debtor claimed a $100.00 exemption pursuant to O.R.C. § 2329.66(A)(18). Both the debtor and

David Korb, the appraiser he retained, valued the property at $70,000. Buckeye submitted the Cuyahoga County Auditor's report, which listed the estimated value at $86,400. The Court finds the $70,000 valuation of the debtor and the debtor's appraiser to be the best estimate for this property and determines that the value of the property, as of the petition date, is $70,000.

The Cuyahoga County Treasurer has a claim based on real estate taxes of $35,334.09. This claim plus the $100.00 exemption equals $35,434.09.

### 2255 Newbury Drive, East Cleveland, OH 44112

The debtor listed this property as his residence, and claimed the $5,000 homestead exemption. *See* O.R.C. § 2329.66(A)(1). The debtor's interest in the property is based solely on his dower rights. While dower rights have been eliminated in most states, Ohio still recognizes this property interest. *See* O.R.C. § 2103.02.

Before the debtor's dower interest can be calculated the Court must determine the value of the Newbury property. The debtor testified that the property should be valued at $110,000. The debtor's appraiser estimated the market value at $125,000. Buckeye asserts that the property is worth $153,000, which is based on the Cuyahoga County Auditor's market valuation. After considering all of the evidence, the Court finds that this property has a value

6

somewhere between the estimates of the debtor and the debtor's appraiser. The Court determines the value of this property, as of the petition date, to be $115,000.

According to the debtor's bankruptcy schedules, the Newbury property is encumbered by two mortgages. Midland Mortgage Company has a first mortgage worth $40,074.78, and Huntington National Bank has a second mortgage worth 17,209.41, for a total of $57,284.19.

## CONCLUSIONS OF LAW

The debtor seeks to avoid Buckeye's lien under 11 U.S.C. § 522(f), which provides in relevant part:

> (1)...the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is –
>     (A) a judicial lien...
>
> (2) (A)   For purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of –
>     (i)   the lien;
>     (ii)   all other liens on the property; and
>     (iii)   the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens.

In *Brinley v. LPP Mortgage, LTD.*, 403 F.3d 415 (6th Cir. 2005), the Sixth Circuit explained the process to determine the extent that a judicial lien can be avoided pursuant to 11 U.S.C. § 522(f)(2). First, a court must establish the value of the

7

property and the extent of the debtor's ownership. *See Brinley*, 403 F.3d at 420. Second, the court adds together all of the liens on the property and the debtor's exemption, and then subtracts the value of the property. *See Brinley*, 403 F.3d at 421. The court then subtracts this value from the creditor's judicial lien. If the number is positive, the creditor's lien survives to that amount. If the number is either zero or negative, the creditor's judicial lien is avoided in its entirety. *See Brinley*, 403 F.3d at 421.

The Court has estimated the value of each of the Properties; however, before determining the extent to which Buckeye's lien may be avoided, the Court must first determine the value of the debtor's dower interest in the Newbury property.

### A. Calculating the debtor's dower interest

According to Ohio law, a dower interest is "an estate for life in one third of the real property of which the consort was seized as an inheritance at any time during the marriage." O.R.C. § 2103.02. A dower interest applies to property that a spouse owns at the time of marriage and any property that is acquired during the course of the marriage. *See In re Wycuff*, 332 B.R. 297, 302 (Bankr. N.D. Ohio 2005). The dower interest springs into existence at the time of marriage, and any senior interest that precedes it is superior to the dower rights. *See In re Wycuff*, 332 B.R. at 302.

8

When a debtor files for bankruptcy, the dower interest becomes property of the estate. *See In re Wycuff*, 332 B.R. at 301. Similarly, a debtor is entitled to any exemption that would be applicable on the basis of this interest. *See In re Wycuff*, 332 B.R. at 302. However, the exemption cannot exceed the present value of the debtor's inchoate dower interest. *See* O.R.C. § 2103.041; *In re Miller*, 151 B.R. 800, 802 (Bankr. N.D. Ohio 1992).

The first step to calculate a dower interest is to divide the total property value by three. *See* O.R.C. § 2103.02. Courts have found that a debtor's dower interest should be calculated using the full market value of the property, regardless of mortgages or liens. *See In re Miller*, 151 B.R. at 804. The Court has determined that the Newbury property is worth $115,000; one third of this is $38,333.33.

Since a dower interest is a life estate, the Court must calculate the present value of the debtor's interest in the Newbury property. To determine the present value it is necessary for the Court to use an actuarial table with an interest rate that matches the rate at the time the debtor filed for bankruptcy.

Courts in Ohio have used a variety of actuarial tables to determine present value, including the IRS table, the "American Experience Table of Mortality" and the "Bowditch Table." *See In re Miller*, 151 B.R. at 802-03 (using of the American

9

Experience Table); *In re Hill*, 11 B.R. 217, 220 (Bankr. S.D. Ohio 1981) (using the Bowditch table); *see also In re Wycuff*, 332 B.R. at 302-03 (discussing the Bowditch and American Experience Tables); *Stand Energy Corp. v. Epler*, 163 Ohio App.3d 354, 360, 837 N.E.2d 1229, 1234 (2005) (finding that under O.R.C. § 5731.01(B) Ohio courts must use the IRS tables). The Court will use the IRS table.

Pursuant to Treas. Reg. § 20.2031-7(d), the present value of a life estate is determined by use of certain actuarial factors and the appropriate section 7520 interest rate. The debtor filed for bankruptcy on March 30, 2007. The applicable interest rate under section 7520 for March 2007 is 5.8%. *See* Rev. Rul. 2007-15 Table 5. The applicable IRS table is then used to obtain the appropriate life estate multiplier. At the time of filing, the debtor was closest to age sixty. The multiplier for a sixty year old individual in Table S at 5.8% interest rate is 0.63942. *See Internal Revenue Publication 1457 "Actuarial Values"* (7-1999) p. 19. One third of the Newbury property value is multiplied by the 0.63942 figure to determine the debtor's dower interest.

$$(\$38{,}333.33) * (0.63942) = \$24{,}511.09$$

The debtor's dower interest in the Newbury property is $24,511.09.

## B. Avoidance of Buckeye's Lien

As stated above, under § 522(f)(2)(A) and *Brinley,* the Court adds together the claimed exemptions and all of the liens on the property to determine the extent to which a judgment lien can be avoided. *See Brinley,* 403 F.3d at 421 (finding that courts cannot choose which liens to include in the §522(f)(2) calculation). The court then subtracts the total value of the property from this figure. Finally, the court subtracts this number from the creditor's lien. If the number is positive, the lien survives to that amount. If the number is negative, the lien is completely avoided.

Pursuant to 11 U.S.C. § 522(f)(2)(B), judgment liens are stripped off a property one at a time from the most junior to the most senior. *See Jochum v. Concord Capital, L.L.C. (In re Jochum)*, 309 B.R. 327, 330 (Bankr. E.D. Mo. 2004). In addition to Buckeye; Cassius Steel, M.H. Koppes Clay Products Co., the Ohio Department of Taxation, and Republic Waste Services are all listed as having judgment liens against the debtor's property.

Buckeye's judgment lien was entered in 1995, which makes it the senior judgment lien. A junior judgment lien can survive only to the extent that there are assets remaining after the more senior lien holders have been fully repaid. As the Court will discuss below, Buckeye's lien only survives in part. Therefore, the

11

debtor can avoid the other judgment liens in their entirety.

In the present case, the mortgages, exemptions, and other liens are different for each of the four properties. The Court will therefore employ the process explained in *Brinley* separately as to each property. *See In re Mangold*, 244 B.R. 901, 904 (Bankr. S.D. Ohio 2000); *see also In re Oglesby*, 333 B.R. 788, 792-94 (Bankr. S.D. Ohio 2005). Under the § 522(f)(2)(A) calculation, the debtor can avoid the lien of Buckeye as to each of the properties as follows.

### 13421 Cedar Road

The calculation for 13421 Cedar Road is:

```
 $362,768.05 (Buckeye's lien)
  $51,545.59 (GMAC mortgage)
  $23,407.62 (Ohio Savings mortgage)
+    $100.00 (debtor's exemption)
 $437,821.26 (sum of liens and the debtor's exemption)
– $74,000.00 (debtor's interest in the property absent any liens)
 $363,821.26 (extent to which lien impairs debtor's exemption)
```

Since the impairment is greater than Buckeye's lien of $362,768.05, Buckeye's lien is completely avoided as to the Cedar Road property.

12

### 1744 Lakefront Avenue

The calculation for 1744 Lakefront Avenue is:

$362,768.05 (Buckeye's lien)
    $3,801.04 (SN Servicing Corporation Mmortgage)
    $2,355.80 (Cuyahoga County Treasurer tax lien)
    $9,563.84 (Bank of America mortgage)
+   $100.00 (debtor's exemption)
$378,588.73 (sum of liens and debtor's exemption)
– $20,000.00 (debtor's interest in the property absent any liens)
**$358,588.73 (extent to which lien impairs debtor's exemption)**

Under this calculation, Buckeye's lien is avoided to the extent of $358,588.73, leaving $4,179.32 of Buckeye's lien unavoided. Buckeye retains a lien on the debtor's interest in this property in the amount of $4,179.32.

### 12640 Euclid Avenue

The calculation for 12640 Euclid Avenue is:

$362,768.05 (Buckeye's lien)
  $35,334.09 (Cuyahoga County Treasurer tax lien)
 +  $100.00 (debtor's exemption)
$398,202.14 (sum of liens and debtor's exemption)
- $70,000.00 (debtor's interest in the property absent any liens)
**$328,202.14 (extent to which lien impair's debtors exemption)**

Under this calculation, Buckeye's lien is avoided by $328,202.14, leaving $34,565.91 of Buckeye's lien unavoided. Buckeye retains a lien on the debtor's interest in this property in the amount of $34,565.91.

## 2255 Newbury Road

The calculation for the Newbury Road property requires greater analysis because the debtor has only a fractional interest in the property. The debtor's dower interest in the Newbury property is 21.3% of the property's total value, which is the amount used in the § 522(f)(2)(A) calculation. If § 522(f)(2)(A) is read literally, the formula would appear to require that the Court use 100% of the liens in the calculation. Because of the nature of the § 522(f)(2)(A) impairment formula, when a debtor's interest in a property is reduced without similarly reducing the liens, the impairment value necessarily increases.

At least three Courts of Appeals have recognized that literal application of the formula in a situation where the debtor has only a fractional interest in the property produces an "unreasonably high impairment that has the effect of creating additional equity for the debtor at the expense of the lienholder whose lien is thereby avoided." *Kolich v. Antioch Laurel Veterinary Hosp.* (*In re Kolich*), 328 F.3d 406, 409 (8th Cir. 2003) (discussing situations where deviation from the literal language of section 522 may be appropriate); *see also Miller v. Sul* (*In re Miller*), 299 F.3d 183, 185-86 (3rd Cir. 2002) (finding that Congress did not intend to create a windfall for debtors under 11 U.S.C. § 522(f)(2)(A), and literal application of the statute in a situation where a debtor has only a fractional interest

in property creates an illogical result contrary to Congress' intent); *Lehman v. VisionSpan, Inc.* (*In re Lehman*), 205 F.3d 1255 (11th Cir. 2000); *Nelson v. Scala* (*In re Nelson*), 192 F.3d 32, 35 (1st Cir. 1999). These courts have applied variations of the formula which considers the "portion of the debt the mortgage secures attributable to [the debtor's] share of the property . . . in place of the total debt secured by the mortgage." *In re Miller*, 299 F.3d at 186.

In *Kolich*, which the Sixth Circuit cited with approval in *Brinley*, the Eighth Circuit distinguished between deviations in the situation of junior consensual mortgages at issue in *Brinley* with deviations in the situation where a debtor has only a fractional interest in exempt property. *See Kolich*, 328 F.3d at 409-10. Because the modified approach provides a more realistic computation of the impairment[4] and does not appear to be at odds with *Brinley*, the Court will apply that approach as follows.

There are two mortgages on the Newbury property, the first mortgage of Midland for $40,074.78 and the second mortgage of Huntington Bank for $17,209.41 for a total $57,284.19. The debtor's dower interest in the property is

---

[4] By way of example, without the modified approach, a $20,000 mortgage covering the entire $115,000 property would be enough to completely avoid Buckeye's lien with respect to the debtor's approximately $24,500 dower interest, even though there would appear to be substantial equity in this property beyond the $20,000 mortgage and the debtor's $5,000 exemption.

15

$24,511.09, which is 21.3% of the property's total value. Using the same percentage, the liens attributable to the debtor's 21.3% share of the Newbury property are $8,535.93 of the Midland Mortgage and $3,665.60 of the Huntington Mortgage.

The calculation for 2255 Newbury is:

$362,768.05 (Buckeye's lien)
    $8,535.93 (Midland Mortgage Company mortgage)[5]
    $3,665.60 (Huntington National Bank mortgage)[6]
 + $5,000.00 (debtor's exemption)
$379,969.58 (sum of liens and debtor's exemption)
- $24,511.09 (debtor's interest in the property absent any liens)
**$355,458.49 (extent to which lien impairs debtor's exemption)**

Under this calculation, Buckeye's lien is avoided to the extent of $355,458.49, leaving $7,309.56 of Buckeye's lien unavoided. Buckeye retains a lien on the debtor's interest in this property in the amount of $7,309.56.

## CONCLUSION

For the reasons stated above, Buckeye's lien is completely avoided as to the debtor's interest in the 13421 Cedar Road property, and is avoided in part as to the debtor's interest in the other three properties. Buckeye retains a lien on the debtor's interest in the other three properties as follows:

---

[5] This figure represents the portion of the secured debt attributable to the debtor's 21.3% share of the property.

[6] This figure represents the portion of the secured debt attributable to the debtor's 21.3% share of the property.

$4,179.32 on 1744 Lakefront Avenue; $34,565.91 on 12640 Euclid Avenue; and $7,309.56 on 2255 Newbury, or a total of $46,054.79.

IT IS SO ORDERED.